IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THOMAS J. RITTER, )
)
    Plaintiff, )
)
v. ) No. 3:15-cv-00679
)
RUTHERFORD COUNTY ADULT ) Judge Campbell
DETENTION CENTER, )
)
    Defendant. )

**MEMORANDUM OPINION**

Plaintiff Thomas Ritter, an inmate in the custody of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, brings this *pro se* civil rights action under 42 U.S.C. § 1983. The only named defendant is the Rutherford County Adult Detention Center ("RCADC"). The plaintiff proceeds *in forma pauperis*, and the complaint (ECF No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

**I.    Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* (citing *Twombly*, 550 U.S. at 556). Nonetheless, in conducting the initial review, the Court must read the plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.     Factual Allegations

The plaintiff alleges he has been confined at RCADC since the end of January 2015. The toilet in his cell has not worked properly since he arrived. Maintenance employees at the jail have tried several times, unsuccessfully, to repair the toilet. The plaintiff states that the last person who tried to repair the toilet told him that "the boss," Sgt. Scott, said it would cost too much to fix the toilet. The plaintiff states that the problem is that the toilet is "not flushing everything down," which causes the cell's occupants to flush the toilet multiple times after use, which then causes it to leak, resulting in puddles of water on the cell floor.

On March 6, 2015, the plaintiff requested to use the restroom in the POD to avoid the issue of the toilet in his cell flooding. His request was denied on the basis that medications were due to be distributed soon and he could go after that. An hour later, the plaintiff requested again and his request was again denied. At that point, the plaintiff had no choice but to use the toilet in his cell. Flushing it resulted in a "good size puddle on the floor around the toilet." (ECF No. 1, at 5.) The plaintiff informed corrections officers about the problem and was told that a mop would be provided so the plaintiff could clean it up. More than an hour later, a mop had still not been provided. The plaintiff, who obviously knew the puddle was there, slipped on the water and fell on his lower back and buttocks, hitting his head on the concrete floor. He was taken to medical and kept under observation for several hours, apparently to confirm that he did not have a concussion.

The plaintiff complains that the medical staff have not followed up on his lower back pain and that he continues to have back pain. His requests to "go back to medical" have been denied. (ECF No. 1, at 6.)

The plaintiff demands relief in the form of payment of all future medical expenses and compensatory damages for pain and suffering and the loss of future wages.

## III.    Discussion

The plaintiff brings suit under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th

Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

As an initial matter, the Court notes that the only named defendant is the Rutherford County Adult Detention Center. The RCADC is a building facility operated by the Rutherford County Sheriff's Office, which is a division of Rutherford County. The detention center is not a "person" or a suable entity under § 1983. *See Petty v. Cnty. of Franklin, Ohio*, 479 F.3d 341, 347 (6th Cir. 2007) (a county sheriff's department is not a "person" subject to liability under § 1983); *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb.4, 2011) ("The jail is a building, not an entity capable of being sued in its own right.").

Because the plaintiff cannot bring a § 1983 suit against the detention center, the Court construes the complaint broadly as attempting to state a claim against Rutherford County itself. Although a municipality may be liable under § 1983, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), a municipality cannot be vicariously liable based on the acts of its employees, because "[r]espondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). Instead, a municipality can be held responsible for an alleged constitutional deprivation only if there is a direct causal link between the alleged constitutional violation and a policy or custom of the municipality. *Monell*, 436 U.S. at 694; *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008) (quoting *Monell*). A plaintiff bringing a § 1983 claim against a municipality must therefore identify the policy or custom that caused his injury. *Ford*, 535 F.3d at 495; *see Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (stating that the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy" (citations omitted)).

In this case, the plaintiff alleges facts suggesting that the refusal to repair the toilet may have been made as a matter of policy or custom based on the expense involved, but he does not allege that the leaky toilet resulted in unsanitary conditions or intolerable living conditions. *Cf. Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (suggesting that the Eighth Amendment is only concerned with "deprivations of essential food,

medical care, or sanitation" or "other conditions intolerable for prison confinement"); *Johnson v. Unknown Delatifa*, 357 F.3d 539, 546 (6th Cir. 2004) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." (citation omitted)); *Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (plaintiff's allegation that he was "deprived of a working toilet . . . did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency" (citing Rhodes, 452 U.S. at 347)); *Gilland v. Owens*, 718 F. Supp. 665, 684 (W.D. Tenn. 1989) (rejecting a claim involving toilets and showers because "[n]o deprivation of the life necessity of sanitary conditions has occurred").

The complaint also fails to state a claim based on the plaintiff's allegations that he received inadequate medical care after his fall. In order to state a claim of under § 1983 based on lack of medical care, a prisoner must allege that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Sixth Circuit has defined a "serious medical need" as "either one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013) (quotation marks and citations omitted). The plaintiff here received some treatment, including observation to insure that he did not have a concussion. His factual allegations, accepted as true, do not suggest that any individual correctional officers or medical staff were deliberately indifferent to his serious medical needs.

Moreover, even if the plaintiff had alleged facts suggesting deliberate indifference on the part of individual actors, based either on the failure to provide adequate medical care or to prevent the fall in the first place by cleaning up the water more promptly, none of those individuals is named as a defendant in this action. As stated above, the county cannot be vicariously liable under 42 U.S.C. § 1983 for the acts of its employees. Instead, the county can only be liable for an alleged constitutional deprivation if the plaintiff's injury was caused by a policy or custom of the county. *Monell*, 436 U.S. at 694. The plaintiff does not allege that the purported failure to provide additional medical services or to remove the water from the floor was the result of a policy or custom of either the detention center or the county itself.

### IV.  CONCLUSION

For the reasons set forth herein, the Court concludes that the complaint fails to state a claim for which

relief may be granted under 42 U.S.C. § 1983 and must therefore be dismissed prior to service on the defendant.

An appropriate order is filed herewith.

_____
Todd Campbell
United States District Judge